**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00223-PAB-KMT

MELANIE M. VINEZ

    Plaintiff,

v.

SKY CHEFS, INC.

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

This matter comes before the Court on Plaintiff Melanie M. Vinez ("Plaintiff") and Defendant Sky Chefs, Inc. ("Defendant") (together the "Parties") Stipulated Motion for Entry of a Protective Order. The Court has reviewed that Motion. The Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

1) This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2) As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3) Information designated "CONFIDENTIAL" shall be information that is confidential and entitled to protection under Fed. R. Civ. P. 26(c)(1), and that contains (a) personnel information concerning current and former employees of Defendant to the extent that such information implicates privacy interests and is not generally known to the public; (b) proprietary information of the Parties; (c) information containing company trade secrets; and (d) information relating to Plaintiff concerning personal and confidential matters not generally known to the public, such as, but not limited to, income information, financial information, medical information, and information regarding contacting prospective employers.

4) Before documents are designated as "CONFIDENTIAL" they shall be first reviewed by a lawyer who is counsel of record in this case who will certify that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1). Parties and attorneys designating documents as "Confidential" will be representing that such documents are not public and contain confidential information the disclosure of which would implicate an important interest to be protected which outweighs the presumption of public access, and that they will be able to identify to the Court a clearly defined and serious injury that would result if access is not restricted, as required by D.C.COLO.LCivR 7.2(B)(2) & (3).

5) CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and shall not, without the consent of the party producing it or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

(a) attorneys, whose law firms have entered an appearance in this case, actively working on this case;

(b) persons regularly employed by the law firms which have entered an appearance in this case whose assistance is required by those attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6) Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A. All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7) Counsel are charged with the responsibility of advising their partners, associate attorneys, legal support personnel, parties, and consulting experts or expert witnesses who are participating in the prosecution or defense of this action, and other persons to whom disclosure

of any other parties' documents or confidential information may be made pursuant to this Order, of the terms of this Order and their obligations thereunder.

8)  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

9)  In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, appropriate portions of such data may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non-producing party.

10)  Any party who or which inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.  Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

11)  Any party who or which inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned.  The receiving party shall return or certify the destruction of such inadvertently produced documents,

including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

12) Any pleadings, exhibits or filings which contain CONFIDENTIAL information, or testimony designated as CONFIDENTIAL, shall be filed with the Court in accordance with D.C.COLO.LCivR 7.2 and the Court's "Electronic Case Filing Procedures for the District of Colorado." A party seeking to file with the Court any Confidential material that has been designated by the other party may request that the designating party provide the information required by D.C.COLO.LCivR 7.2(B) by notifying counsel for the designating party in writing at least ten (10) business days before the filing is to occur. If such a request is made, counsel for the designating party shall, within five (5) business days, respond in writing providing the information required by D.C.COLO.LCivR 7.2(B). If no such timely request is made, the party seeking to file the Confidential materials must in good faith provide the information required by D.C.COLO.LCivR 7.2(B). Prior to disclosure at trial or a hearing regarding CONFIDENTIAL information, the parties may seek further protections against public disclosure from the Court.

13) Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Portions of the transcript

containing CONFIDENTIAL information may be separately bound or otherwise designated by the court reporter, who must affix to each such page the legend "CONFIDENTIAL".

14) Nothing in this Order shall preclude any party or its attorneys from (a) showing a document designated Confidential at a deposition or other proceeding to an individual who prepared, received, reviewed or had access to the document prior to his or her deposition, (b) using at a deposition or other proceeding of an employee, former employee or expert of a party any document that the employee's or expert's party designated Confidential, or (c) disclosing or using, in any manner or for any purpose, any information or documents that the party itself has designated Confidential.

15) A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the

information as CONFIDENTIAL shall bear the burden of establishing that the information should be treated as CONFIDENTIAL.

16) In the absence of a stipulation of the parties or further order of the Court, the fact that a document or information divulged is designated confidential shall not be admissible into evidence, nor shall the trier of fact be advised of such designation during the trial of this action. The Designating Party shall be entitled, but not required, not later than fifteen (15) days prior to the date set for trial, to copy and deliver at its own expense to the opposing party unmarked copies of documents containing Confidential Information.

17) At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or which contain summaries of Confidential Information shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each Party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the Party that produced the documents. Counsel retaining any such documents shall destroy them pursuant to the retaining firm's document retention policy, a copy of which shall be provided to opposing counsel. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with a written certification confirming the destruction.

18) Nothing in this Stipulated Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other

person believes to be improper.  Nothing in this Stipulated Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

19)     This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 8th day of May, 2014.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00223-PAB-KMT

MELANIE M. VINEZ

    Plaintiff,

v.

SKY CHEFS, INC.

    Defendant.

---

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER
– CONFIDENTIALITY AGREEMENT**

---

    I, _____ the undersigned, hereby declares that:

    I reside at _____ in the City of _____, County of _____, State of _____. My business telephone number is _____.

    I acknowledge that I have been informed that a Stipulated Protective Order has been entered by the Court in the above captioned civil action requiring confidentiality with respect to information designated as "CONFIDENTIAL" and therefore I agree to keep all such information and materials strictly and absolutely confidential, and in all other respects be bound by the provisions of the Stipulated Protective Order.

    As soon as practical, but no later than 30 days after I am informed of the final resolution of this matter, I shall either, as directed (1) destroy the information designated as "CONFIDENTIAL" and certify such destruction in writing or (2) return to the attorney from whom I have received the information designed as "CONFIDENTIAL", any and all documents and data that came into my possession designated "CONFIDENTIAL," including all copies,

excerpts, summaries, notes, digests, abstracts, indices and documents and information created relating to such documents.

Executed on _____     _____
                     (Date)                                 (Signature)

17649676.1

17831835.1